UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SHUA TILAHUN,

        Plaintiff,

        v.

B. MARVIN, A. WORTMAN, J. KEMPAS, and V. DEMOS,

        Defendants.

Case No. 2:13-cv-01074-ST

**ORDER REGARDING EXHIBIT 116**

**STEWART, Magistrate Judge:**

        In Exhibit 116, defendants seek to admit various statements made by plaintiff to mental health providers at Two Rivers Correctional Institution ("TRCI"). As part of the discovery in this case, plaintiff signed a medical release to obtain these medical records from the Oregon Department of Corrections ("ODOC") and provided them to defendants. The statements made by plaintiff which defendants seek to admit were recorded the same day as the incident at issue, August 4, 2012 (pp. 1, 12), and on the later dates of August 8, 2012 (p. 9), November 27, 2012 (p. 8), and September 15, 2013 (p. 5). Plaintiffs argue that these statements are inadmissible under FRE 801 as hearsay, under FRE 402 as irrelevant, and under FRE 403 because any probative value is substantially outweighed by the danger of unfair prejudice.

1 – ORDER REGARDING EXHIBIT 116

Under FRE 801(d)(2)(A), statements by a party are not hearsay if offered by the opposing party. Since plaintiff made all of the statements at issue being offered by defendants, they are not hearsay. Similarly, to the extent that his statements were made for medical diagnosis or treatment, they may be excluded from hearsay under FRE 803(4). However, plaintiff's statements were recorded by medical providers in documents which are themselves hearsay. Accordingly, plaintiff's statements are only admissible if the medical records containing them are admissible. These medical records may be admitted based on testimony by either the author or the custodian to authenticate them as records of a regularly conducted activity under FRE 803(6). Defendants have designated as potential witnesses at trial the person who wrote some of the records, Joshua L. Hurst, and the Records Custodian with ODOC. Thus, this court assumes that defendants will be able to properly authenticate ODOC's medical records and overcome any hearsay objection.

Even if admissible, plaintiff argues that his statements contained in ODOC's medical records are irrelevant because they pertain only to his motive or state of mind, and not to whether defendants used excessive force on him. Defendants respond that the factual issues include whether plaintiff provoked the attack, resisted defendants' efforts to subdue him, and escalated the situation, thus requiring the amount of force used. In that regard, they point to plaintiff's statements in Exhibit 116 as confirming that he reacts impulsively to security officers with extreme rage and resistance, in part because he is serving a life sentence and has nothing to lose. Plaintiff, on the other hand, will testify that after making one punch in response to being attacked for no reason, he made no further effort to resist while defendants continued to attack him without provocation.

Evidence tending to show a person's propensity to violence is normally not admissible as irrelevant character evidence under FRE 404.  However, to the extent that the offered statements reflect on plaintiff's credibility as to his own conduct during the incident, they are potentially relevant.

Plaintiff's statements regarding his attitude in response to defendants' attack on the day of the incident are potentially relevant to his credibility as to whether he provoked the incident and how he reacted to the use of force during the incident.  In particular, at 12:25 pm (p. 12) he stated the following:  "The officers bum beefed me, so I fucked them up.  I'm a lifer, so I don't take shit from anyone.  Hell no!  I'll never harm myself or attempt suicide.  Pussy's hurt themselves."  Later on August 8, 2012, Dr. Elmore recorded plaintiff's statements in the first paragraph of the "Subjective Report" in the Medication Progress Note (p. 1) that he was "getting paid to be here" and was "in the money now" due to his injuries, that the injuries to defendants "were actually quite 'minor' but they 'played them up' so they could go to the hospital and cover it up and make it look worse than it was so they would not get in as much trouble," and that the incident was "actually really minor" and "not about anything," which is why he "was so angry."  All of these statements relate to plaintiff's provocation and resistance during the incident.

Other statements on the day of the incident pertain to his suicide risk afterwards (p. 1), and later statements do not address the incident itself, but instead concern a proposed change in his MH3 code (p. 5) and his general response to environmental stressors (p. 8).  These statements are irrelevant to the issues to be decided by the jury.

Even as to those statements by plaintiff which are admissible and relevant, plaintiff argues that they should be excluded under FRE 403 because the "probative value is substantially outweighed by a danger of . . . unfair prejudice."  Needless to say, most relevant evidence is

3 – ORDER REGARDING EXHIBIT 116

prejudicial.  To be excluded under FRE 403, the prejudice must unfairly appeal to the jury's emotions, sympathy or instinct to punish.

This court is particularly concerned by plaintiff's reference to himself as a "lifer" (p. 12). Knowing that plaintiff is an inmate at TRCI, the jury will surmise that he committed some serious crime.  But defendants argue that plaintiff's attitude as a "lifer" with nothing to lose tends to prove that he reacted to defendants in an aggressive manner, contrary to his testimony of not provoking the attack and complying with the use of force after his one punch.  However, knowing that plaintiff is serving a life sentence may unfairly prejudice a jury against him based solely on his character.  To prevent this unfair prejudice, plaintiff's statements on p. 12 in the third paragraph ("S" at 12:25 pm) are admitted with redaction of the words:  "I'm a lifer."

This court perceives no undue prejudice with respect to plaintiff's statements made to Dr. Elmore on August 8, 2012.  Therefore, the first paragraph of the "Subjective Report" on p. 9 (ending with the words "because the incident was not about anything!") is admitted without redaction.

Defendants shall submit copies of the relevant and redacted portions of Exhibit 116 in compliance with this Order and mark it as Exhibit 116A for use at trial.  The new Exhibit 116A may include sufficient information to identify the medical record in which plaintiff's statements are contained, namely the title, date, and author.  This new exhibit will not be admitted into evidence until properly authenticated.

DATED October 14, 2014.

    s/ Janice M. Stewart
    Janice M. Stewart
    United States Magistrate Judge